# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MANAL M. IBRAHIM, *et al.*, | |
| Plaintiffs, | Civil Action No. 19-610 (BAH) |
| v. | Chief Judge Beryl A. Howell |
| U.S. DEPARTMENT OF STATE, *et al.*, | |
| Defendants. | |

## MEMORANDUM AND ORDER

The plaintiffs have filed a Motion for Preliminary Injunction ("Pls.' Mot."), ECF No. 26, that concerns the effect of the upcoming expiration of Ms. Zaben's current medical examination on Ms. Zaben's pending visa application. Ms. Zaben's examination is set to expire on May 27, 2020, but the U.S. Embassy in Jerusalem, due to the U.S. Department of State's suspension of routine visa operations during the COVID-19 pandemic, has directed that Ms. Zaben "NOT undergo any [new] medical examination or send us any documents until partial consular services are resumed and the courier service restarted." Pls.' Ex. D at 1 (capitalization in original), ECF No. 26-5. The plaintiffs fear that this is an intentional "strategy: deny Ms. Zaben an immigrant visa because her current medical exam will soon be expiring." Pls.' Mem. Supp. Pls.' Mot. ("Pls.' Mem.") at 1, ECF No. 26-1. Accordingly, they "request the Court for limited injunctive relief: an order that Defendants: (A) maintain their existing policy of allowing immigrant visa applicants to submit updated medicals; (B) provide a method by which Plaintiff can deliver her new medical and passport to the Embassy, and (C) not permanently deny Plaintiff an immigrant visa on or after May 27, 2020 for failure to provide a new medical." Pls.' Mot. at 1.

Applicable guidance and the underlying record make clear that Ms. Zaben's application is not, in fact, about to be denied for failure to provide an updated medical examination. As the plaintiffs themselves point out, *see* Pls.' Mem. at 2, the State Department's Foreign Affairs Manual provides that when a medical examination expires, adjudication of the visa application is merely postponed until the examination can be updated; no provision of the Manual appears to authorize denial of an application due to an expired medical examination. *See* 9 FAM 302.2-3(C)(a)(4) n.3(c) ("Applicants not traveling to the United States within the exam validity period will need to undergo a new medical examination. . . . The expired DS forms should be submitted to the Consular Section along with the complete set of current DS forms for the new medical examination."); *see also id.* 302.2-3(E)(1)(b) (explaining that the "determination" as to "whether an applicant is eligible for a visa" must be made by State Department personnel "*after* reviewing all the records, *including* the report of the medical examination" (emphases added)). The U.S. Embassy in Jerusalem section of the State Department website likewise instructs that when a medical examination expires, the consequences to the applicant are "delays and costs associated with having to renew part of or the entire medical exam," U.S. Embassy Jerusalem - JRS, U.S. Department of State, https://travel.state.gov/content/travel/en/us-visas/Supplements/Supplements_by_Post/JRS-Jerusalem.html (last visited May 26, 2020), not outright denial of the pending application.

The defendants have indicated they plan to act in conformance with these policies. Matthew Paschke, the Visa Chief in the Consular Section at the U.S. Embassy in Jerusalem, explains that if Ms. Zaben's current medical examination expires, adjudication of her application will have to wait until an updated medical examination can be submitted, but he does not state that her application will be denied. *See* Decl. of Matthew Paschke, Visa Chief, Consular Section,

U.S. Embassy in Jerusalem ("Paschke Decl.") ¶ 11, ECF No. 30-1 (indicating that if Ms. Zaben's current medical examination expires, she will "need a new valid medical examination before her visa application [can] be reconsidered"); *see also id.* ¶ 4 (indicating that the Embassy's standard practice when a "case is ready for readjudication [but] the medical exam is expired" is to require that the exam "be redone in order for the consular officer readjudicating the visa application to be in a position to issue a visa").  This delay is to Ms. Zaben's benefit.  As Paschke further explains, if the Embassy were to issue Ms. Zaben a visa tied to her current medical examination and Ms. Zaben failed to travel to the United States by May 27, *then* Ms. Zaben would potentially face the outcome she seeks to avoid: having to "reapply for a new visa" and "re-apply for admission to the United States." *Id.* ¶ 8 ("If an alien were to present a valid visa in applying for admission at a U.S. port of entry as a lawful permanent resident but without a valid medical examination," "the alien could incur the burden and expense of travel back to their prior residence to obtain a valid medical examination, update any other documents that expired in the meantime, reapply for a new visa, and then attempt to travel and re-apply for admission to the United States.").  The Embassy "tr[ies] in all cases to keep that from happening to the aliens who apply for immigrant visas at [its] consular section." *Id.*

The defendants' past treatment of Ms. Zaben's visa application confirms that the defendants do not plot to deny Ms. Zaben's application due to expiration of her medical examination.  In late November of last year, the defendants contacted Ms. Zaben a few weeks before her medical examination expired to ask whether she could travel to the United States before the expiration occurred, just as they have done again now.  *See* Defs.' Consent Mot. for Extension of Time ¶ 2, ECF No. 13.  Similarly, in July of last year, a consular officer could not adjudicate Ms. Zaben's application due to Ms. Zaben's failure to provide certain documents, but

the defendants merely delayed adjudication; they did *not* issue a final denial. *See* Defs.' Consent Mot. for Extension of Time ¶¶ 2-4, ECF No. 10. The plaintiffs fail to establish that this time, the defendants plan to proceed differently.

Given that the expiration of Ms. Zaben's current medical examination will lead to delay but not *denial*, the preliminary injunction factors weigh against granting the plaintiffs' motion. As to the plaintiffs' likelihood of success on the merits, the plaintiffs focus on whether the defendants have unreasonably delayed adjudication of Ms. Zaben's application, *see* Pls.' Mem. at 8–12, but that issue is properly addressed at summary judgment, and is irrelevant to the current dispute. Indeed, ordering, as the plaintiffs ask, that the defendants "not permanently deny Plaintiff an immigrant visa on or after May 27, 2020 for failure to provide a new medical," Pls.' Mot. at 1, would only further delay adjudication of Ms. Zaben's application, if it had any impact on timing whatsoever (and by all accounts, it will not). Further, the other three factors— irreparable harm to the plaintiffs, the balance of the equities, and the public interest—also weigh on the side of the defendants, given that Ms. Zaben's application is *not* about to be denied, and that any delay will occur no matter what, due to the current suspension of routine visa operations. *See* Paschke Decl. ¶ 13.

The plaintiffs' confusion about what will happen to Ms. Zaben's application upon the expiration of her current medical examination is understandable. Government counsel's statements to the plaintiffs' attorney on that score were ambiguous, to say the least, *see, e.g.*, Pls.' Ex. A at 7, ECF No. 26-2 (May 7, 2020 email from government counsel stating that Ms. Zaben would have "to redo everything necessary"), and government counsel essentially refused to respond to the plaintiffs' attorney's reasonable requests for clarification, *see id.* at 2–8, which could have facilitated an amicable resolution to what, in the end, is no dispute whatsoever, given

that the defendants do not intend what the plaintiffs would prevent.  In fact, exacerbating the confusion and controversy, government counsel may have misrepresented the Embassy's position.  *Compare, e.g.*, *id.* at 8 (May 7, 2020 email from government counsel relaying that if Ms. Zaben wished to travel to the United States before May 27 she had to "immediately, i.e., *by tomorrow*, send her medical exam and passport to the consular section" (emphasis added)), *with* Paschke Decl. ¶ 11 (stating that the message conveyed to Ms. Zaben by the Embassy on May 7, 2020 was that if she wished to travel to the United States before May 27 "she should send in her documents *as soon as possible*" (emphasis added)); *see also* Pls.' Ex. A at 1 (May 8, 2020 email from plaintiffs' attorney telling government counsel that "[t]he request that [Ms. Zaben] provide her passport and medical within 24 hours came from your email correspondence to me").  At a minimum, government counsel took an aggressive and combative tone when quibbling over irrelevant, "he-said, she-said" disputes, *see, e.g.*, Pls.' Ex. A at 4 (May 7, 2020 email from government counsel insisting that plaintiffs' attorney's statement that Ms. Zaben could travel to the consulate "if necessary," "indicate[d] that Ms. Zaben [could] deliver her passport and medical to the consular section by" the very next day), and thus implied that the largely inconsequential May 8 and May 27 deadlines actually carried great significance.

Even government counsel's opposition memorandum, which ignores and avoids matters that the Court ordered be addressed, *see* Min. Order (May 19, 2020), creates doubt as to what will occur on May 27, 2020.  For instance, responding to a direct inquiry from the Court, government counsel states that what Ms. Zaben will have to "redo" after May 27 will "depend[] on what is necessary at that point in time," Defs.' Opp'n Pls.' Mot. at 6, ECF No. 30, which is fair enough, as perhaps additional parts of Ms. Zaben's application will become out of date and need renewal, but government counsel refuses to provide the information that clearly matters—

namely, that even if Ms. Zaben ends up having to provide more than just her passport and an updated medical examination after May 27, she will *not* have to *reapply* for a visa and "redo" the *entire* eight-year process that has transpired up until now due solely to the fact that Ms. Zaben's medical examination happened to expire during a period when a global pandemic prevented Ms. Zaben from sending in an updated one.

Despite government counsel's apparent intransigence, the Foreign Affairs Manual, the Embassy's website, the Paschke declaration, and the defendants' past actions have provided the clarity needed to see that the defendants already plan to do what the plaintiffs want: adjudicate Ms. Zaben's application on the merits after May 27 using an updated medical examination, albeit not until restrictions related to COVID-19 are relaxed.

For the foregoing reasons, it is hereby **ORDERED** that the plaintiffs' Motion for a Preliminary Injunction, ECF No. 26, is **DENIED**.

**SO ORDERED**.

Date: May 26, 2020

                                                                                                    _____
                                                                                                    BERYL A. HOWELL
                                                                                                    Chief Judge